# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VAUGHN TROTMAN,

                Plaintiff,

-against-

SYMERE B. WOODS, UZIVERT, LLC, and JOHN DOES 1-10,

                Defendants.

**Index No.:**

**SUMMONS**

Basis of Venue:  Plaintiff's Residence

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiffs attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Astoria, New York
       March 5, 2025

                              Respectfully submitted,

                              By: _____
                              Jack Berry, Esq.,
                              Sacco & Fillas LLP
                              31-19 Newtown Ave., 7th Floor
                              Astoria, New York 11102
                              Ph: 718-269-2210
                              Jberry@SaccoFillas.com

TO:
**SYMERE B. WOODS**
273 16TH STREET
APT 104
JERSEY CITY, NJ 07310

**SYMERE B. WOODS**
905 PRINCETON AVENUE
PHILADELPHIA, PA 19111

**SYMERE B. WOODS**
1800 MEADOW DRIVE,
BLUE BELL, PA 19422-3308

**UZIVERT, LLC**
545 FIFTH AVENUE,
SUITE 1103,
NEW YORK, NY, 10017, USA

**UZIVERT, LLC**
900 OLD ROSWELL LAKES PARKWAY,
SUITE 310,
ROSWELL, GA, 30076,

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VAUGHN TROTMAN,

       Plaintiff,

-against-

SYMERE B. WOODS, UZIVERT, LLC, and JOHN DOES #1-10,

       Defendants.

Index No.:

COMPLAINT

Plaintiff, by and through the undersigned attorneys, Sacco & Fillas LLP, for the complaint against the above-named Defendants hereby allege as follows, upon information and belief:

### I.  NATURE OF THE ACTION

1. This legal action stems from an incident involving an attack perpetrated by SYMERE B. WOODS and "JOHN DOES #1-10", against the Plaintiff VAUGHN TROTMAN. The events unfolded when the vehicle in which Defendants SYMERE B. WOODS and JOHN DOES #1-10 stopped near the intersection of 27th Street and Broadway in Manhattan where Plaintiff VAUGHN TROTMAN a pedestrian. Defendants SYMERE B. WOODS and JOHN DOES #1-10 thereafter exited their vehicle and assaulted the Plaintiff and attempted to throw the Plaintiff to the ground.

2. Defendant SYMERE B. WOODS assaulted Plaintiff and otherwise incited an altercation between Defendants JOHN DOES #1-10 by instructing, directing, and otherwise ordering Defendants JOHN DOES #1-10 to assault and batter the Plaintiff. Defendants thereafter returned to their vehicle and drove away.

3. This legal action seeks redress for the physical harm, emotional distress, costs, and other damages suffered by the Plaintiff due to the actions of Defendants.

3

## II.    JURISDICTION AND VENUE

4. This Court has jurisdiction of Defendants due to the location where the incident occurred.

5. This Court has jurisdiction to below described business relations of Defendants.

6. Based on Plaintiff's residence, the venue lies in the County of New York, City of New York, State of New York.

## III.    PARTIES

### 3.1. Plaintiff VAUGHN TROTMAN

7. Plaintiff VAUGHN TROTMAN is an adult individual who resides in New York, City of New York, State of New York.

### 3.2. Defendant SYMERE B. WOODS

8. Defendant, SYMERE B. WOODS is the Chief Executive Officer of the Defendant UZIGANG LLC.

9. Defendant, SYMERE B. WOODS transacts business within the State of New York

10. Defendant, SYMERE B. WOODS contracts to supply goods or services in the State of New York.

11. Defendant, SYMERE B. WOODS committed tortious acts within the State of New York.

12. Defendant, SYMERE B. WOODS, regularly does or solicits business, or engages in any other persistent course of conduct, derives substantial revenue from goods used, or consumes or engages services rendered in the State of New York.

13. Defendant, SYMERE B. WOODS regularly consults with artist management

4

whom within the State of New York and derives profits from same.

14. Defendant, SYMERE B. WOODS, expects or should reasonably expect the act to have consequences in the State and derives substantial revenue from interstate or international commerce.

15. Defendant, SYMERE B. WOODS owns, uses, or possesses real property situated within the State of New York.

16. Defendant, SYMERE B. WOODS has the power to issue instructions to employes of the Defendants herein named.

17. Defendant SYMERE B. WOODS exercised control, oversight, and direction over the employees of the Defendants herein named.

18. Defendant SYMERE B. WOODS has the power to hire and fire employees of the Defendants herein named.

19. At all times herein mentioned, Defendant SYMERE B. WOODS exercised his control, oversight and direction over the employees of the Defendants herein named, including specifically Defendants JOHN DOES #1-10.

### 3.3 Defendant UZIVERT, LLC

20. Defendant, UZIVERT, LLC is foreign limited liability incorporated in Georgia.

21. Defendant, UZIVERT, LLC is foreign limited liability with their principal offices in New York.

22. Defendant, UZIVERT, LLC owned by member SYMERE WOODS.

23. Defendant, UZIVERT, LLC, transacts business within the State of New York.

24. Defendant, UZIVERT, LLC, contracts to supply goods or services in the State of New York.

5

25. Defendant, UZIVERT, LLC, committed tortious acts within the State of New York, as described herein.

26. Defendant, SYMERE B. WOODS is the Chief Executive Officer of the Defendant UZIVERT, LLC.

27. Defendant, UZIVERT, LLC, regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the State of New York, particularly through member/owner/manager Defendant SYMERE B. WOODS, the Chief Executive Officer of this company whom does music management and other artist-related business with non-parties throughout New York on behalf of Defendant UZIVERT, LLC, as detailed below.

28. Defendant, UZIVERT, LLC, expects or should reasonably expect the act to have consequences in the State and derives substantial revenue from interstate or international commerce.

29. Defendant, UZIVERT, LLC, owns, uses, or possesses any real property situated within the State of New York.

**3.5.    Defendants JOHN DOES #1-10**

30. Defendants, JOHN DOES #1-10, are employees of Defendant SYMERE B. WOODS.

31. Defendants, JOHN DOES #1-10, are employees of Defendant UZIVERT, LLC.

32. At all times alleged herein, Defendants JOHN DOES #1-10 were acting as agents, employees, or servants for Defendant SYMERE B. WOODS.

33. At all times alleged herein, Defendants JOHN DOES #1-10 were acting as agents, employees, or servants for Defendant UZIVERT, LLC.

34. Defendants JOHN DOES #1-10 were at all times herein acting within the furtherance and scope of their employment with Defendant SYMERE B. WOODS.

35. Defendant, JOHN DOES #1-10 committed tortious acts within the State of New York.

36. Defendants JOHN DOES #1-10 were at all times herein acting within the furtherance and scope of their employment with Defendant UZIVERT, LLC.

### IV. FACTUAL ALLEGATIONS

37. On April 17, 2024, at approximately 3:00 PM, near the intersection of 27th Street and Broadway in Manhattan, New York, Plaintiff was subjected to a series of egregious acts by Defendants.

38. On April 17, 2024, at approximately 3:00 PM, Defendant SYMERE B. WOODS and JOHN DOES #1-10 were in the City of New York on regular and frequent business with non-party Roc Nation, a music management business with a location at 540 West 26th Street, New York, NY 10001, when SYMERE B. WOODS and JOHN DOES #1-10 left such location to eat at a nearby restaurant.

39. Defendant SYMERE B. WOODS was furthering business interests for both UZIVERT, LLC.

40. On April 17, 2024, at approximately 3:00 PM, Defendant SYMERE B. WOODS and JOHN DOES #1-10 approached the area located near the intersection of 27th Street and Broadway by car where Plaintiff was a pedestrian.

41. Defendant SYMERE B. WOODS, exited the vehicle in which they were passengers and descended upon the Plaintiff at the aforementioned location

42. Defendants, identified collectively as JOHN DOES #1-10, acting as agents,

7

employees, servants, or assigns of Defendants SYMERE B. WOODS and UZIVERT, LLC exited the vehicle in which they were passengers and descended upon the Plaintiff at the aforementioned location.

43. One or more of Defendants JOHN DOES #1-10 acting in their capacity as agents, employees, servants or assigns of the Defendants SYMERE B. WOODS and UZIVERT, LLC violently and forcibly grabbed, struck, restrained, and pushed Plaintiff wherein Plaintiff did not provoke the Defendants whatsoever.

44. Prior to the incident alleged herein, Defendant SYMERE B. WOODS, acting in his capacity as principal, officer, or representative of Defendants SYMERE B. WOODS and UZIVERT, LLC, ordered, instructed, incited, encouraged, guided, aided, and abetted Defendants JOHN DOES #1-10 to violently and forcibly grab, strike, restrain, and push Plaintiff.

45. Defendant SYMERE B. WOODS, acting in his capacity as principal, officer, or representative of Defendants SYMERE B. WOODS and UZIVERT, LLC, concurrent with the incident alleged herein beginning exited his vehicle and proceeded to descend upon the Plaintiff as well.

46. Plaintiff addressed Defendants SYMERE B. WOODS and JOHN DOES #1-10 as they returned to their vehicle and voiced a complaint that this aforementioned altercation broke Plaintiff's phone.

47. Defendant SYMERE B. WOODS acknowledged that he heard the complaint of Plaintiff and acknowledged that he broke Plaintiffs phone during the altercation and threw a handful of cash at the ground from his vehicle saying "take that [expletive]!"

48. Defendants SYMERE B. WOODS and JOHN DOES #1-10 left the scene by their vehicles.

8

49. As a result of the incidents described herein, Plaintiff, VAUGHN TROTMAN, was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and Plaintiff, VAUGHN TROTMAN, will be permanently caused to suffer pain, inconvenience and other effects of such injuries.

50. As a further result of the incidents described herein, Plaintiff, VAUGHN TROTMAN, incurred and in the future will necessarily incur further hospital or medical expenses in an effort to be cured of said injuries; and Plaintiff, VAUGHN TROTMAN, will be unable to pursue Plaintiff, VAUGHN TROTMAN's, usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff, VAUGHN TROTMAN's, great damage.

## V.    CAUSES OF ACTION

### 5.1.   Assault

51. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

52. On April 17, 2024, Defendants, with malice and in concert with one another, apprehended and attempted or indicated an intent to make harmful or offensive contact with Plaintiff against his wishes and without his consent.

53. Defendants intended by doing so to cause Plaintiff to become apprehensive that a harmful or offensive bodily contact was about to occur.

54. Such assault was neither consented to, justified, nor privileged.

55. Plaintiff is a reasonable man.

56. Plaintiff was aware of the aforementioned apprehension and attempted contact made by Defendants.

9

57. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

### 5.2. **Battery**

58. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

59. Defendants, with malice, with reckless indifference, and in concert with one another, touched Plaintiff with the intent do harm and cause injuries.

60. Defendants did indeed make contact.

61. Defendants did indeed cause harm.

62. Defendants intentionally engaged in battery as alleged herein and such contact with Plaintiff was offensive.

63. Such contact was neither consented to, justified, nor privileged.

64. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

### 5.3. **Interference with Person or Property---Outrageous Conduct Causing Emotional Distress**

65. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

66. Defendants' conduct towards Plaintiff was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what the average member of the

10

community would tolerate.

67. Defendants acted either with the desire to cause such distress to Plaintiff; under circumstances known to Defendant which made it substantially certain that such a result would follow; or recklessly and with utter disregard of the consequences that might follow.

68. Defendants likewise owed a duty of care to Plaintiff to avoid engaging in behavior which would foreseeably inflict emotional distress.

69. Despite owing such a duty, Defendants negligently breached that duty of care, leading to the emotional distress suffered by Plaintiff.

70. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

### 5.4. **Prima Facie Tort**

71. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

72. In taking the actions set forth herein, Defendants acted solely to cause harm to the Plaintiff, an innocent bystander at the time and location of the incident alleged herein.

73. Defendants had no business purpose in engaging in the conduct set forth herein.

74. Defendants' sole purpose in taking the action set forth herein was to harm Plaintiff.

75. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest and such

other and further relief as this Court deems just in amounts to be determined at trial.

### 5.5. <u>Negligence</u>

76. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

77. Defendants owed Plaintiff a duty of care to refrain from attacking, assaulting, and battering him.

78. Particularly, Defendant SYMERE B. WOODS owed Plaintiff a duty of care to refrain from causing others to do harm at the direction of Defendant SYMERE B. WOODS.

79. Defendants breached their duty of care by attacking, assaulting and battering Plaintiff.

80. Defendants were negligent, careless, and reckless in failing to use that degree of care that a reasonably prudent person would have used under the same circumstances.

81. Defendants created a reasonably foreseeable danger of injury to Plaintiff and their misconduct was unreasonable in proportion to any danger.

82. Defendants were also liable of gross negligence or willful misconduct.

83. Defendants engaged in conduct intentionally or failed to stop acting in a way that would reasonably result in injury or damage to Plaintiff.

84. Defendants were reckless in their behavior, as set forth herein.

85. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness and willful misconduct, Plaintiff suffered physical injuries, emotional distress, and financial damages.

86. This action falls within one or more exceptions set forth in CPLR section 1602, and as such, Defendants are jointly and severally liable pursuant to the Exceptions set forth in

Article 16 of the CPLR.

### 5.6. Incitement

87. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

88. A person whose speech or conduct is directed to inviting or producing imminent lawless action, and said speech or conduct is likely to or does produce such action is liable for incitement.

89. Defendant SYMERE B. WOODS, through his speech or conduct, or both, overtly incited the imminent lawless action of Defendants JOHN DOES #1-10 to attack, assault and batter Plaintiff as alleged herein.

90. Defendant SYMERE B. WOODS knew or should have known that his speech or conduct, or both, would produce such tortious conduct.

91. JOHN DOES #1-10 would not have attacked Plaintiff if not for the conduct of Defendant SYMERE B. WOODS.

92. As a direct and proximate result of Defendant SYMERE B. WOODS's actions, Plaintiff suffered physical injuries, emotional distress, and financial damages.

93. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

### 5.7. Aiding and Abetting

94. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

13

95. A person who substantially assists or encourages another in engaging in tortious conduct that the person knows or should have known was occurring is liable for damages resulting from (his, her) act.

96. Defendant SYMERE B. WOODS aided and abetted JOHN DOES #1-10 in the tortious conduct alleged herein.

97. Defendant SYMERE B. WOODS knew or should have known their conduct, and the conduct of each other Defendant JOHN DOES #1-10, was tortious.

98. Defendants knew or should have known such tortious conduct was occurring.

99. Defendants substantially assisted, encouraged, and otherwise aided each other in engaging in and escaping from the tortious conduct alleged herein.

100. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

### 5.7. **Respondeat Superior**

101. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

102. Defendants JOHN DOES #1-10 were employees of Defendants SYMERE B. WOODS and UZIVERT, LLC at all times herein mentioned.

103. Defendants, JOHN DOES #1-10, were acting as agents, employees, or servants for Defendants SYMERE B. WOODS and UZIVERT, LLC, at all times herein mentioned.

104. Defendants JOHN DOES #1-10 were at all times herein acting within the furtherance and scope of their employment with Defendants SYMERE B. WOODS and

14

UZIVERT, LLC.

105. Defendants JOHN DOES #1-10 were at all times herein acting at the direction of with Defendants SYMERE B. WOODS and UZIVERT, LLC.

106. Defendants SYMERE B. WOODS and UZIVERT, LLC, at all times herein, knew, or should have known that their employees, agents, and servants of Defendants JOHN DOES #1-10 were at all times herein acting at the direction of SYMERE B. WOODS and UZIVERT, LLC.

107. Defendants SYMERE B. WOODS and UZIVERT, LLC are thus liable for the tortious conduct of Defendants JOHN DOES #1-10 under the doctrine of *respondeat superior.*

**5.8.** **Negligent Hiring, Retention, Training, and Supervision**

108. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth in their entirety herein.

109. Defendants JOHN DOES #1-10 were at all times herein acting within the furtherance and scope of their employment with Defendant SYMERE B. WOODS.

110. Defendants JOHN DOES #1-10 were at all times herein acting within the furtherance and scope of their employment with Defendant UZIVERT, LLC.

111. Defendants SYMERE B. WOODS and UZIVERT, LLC, had a duty to properly hire, train, supervise, discipline, and – where necessary – terminate its employees in order to protect the public against dangers reasonably likely to result from the absence of proper hiring, training supervision, disciplining and firing.

112. Defendants SYMERE B. WOODS and UZIVERT, LLC, knew or should have known of prior instances of dangerous or incompetent behavior by Defendants JOHN DOES #1-10.

15

113. SYMERE B. WOODS and UZIVERT, LLC, had actual and constructive notice of Defendants JOHN DOES #1-10's prior vicious behavior and erratic propensities.

114. SYMERE B. WOODS and UZIVERT, LLC, had actual and constructive notice of Defendants JOHN DOES #1-10's prior vicious behavior and erratic propensities, particularly with respect to other lawsuits of similar conduct.

115. The incident alleged herein and Plaintiff's injuries were caused by the negligence of Defendants SYMERE B. WOODS and UZIVERT, LLC, in the hiring of their employees, and in the supervision, training, and retention of the same, specifically Defendants JOHN DOES 1-10.

116. Plaintiff was caused to and did sustain severe, serious, and protracted injuries to his person and body as a result of Defendants' negligence.

117. As a result of the foregoing, Plaintiff is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

### VI. CONCLUSION

WHEREFORE, Plaintiff demands damages against Defendants as follows: in each of the above causes of action, economic and non-economic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorney's fees, costs, and interest, in excess of the minimum monetary subject matter jurisdiction of this court and in amounts to be determined at trial and such other and further relief as this Court deems proper.

Dated:
March 5, 2025

Respectfully submitted,

By: _____
Jack Berry, Esq.,
Sacco & Fillas LLP

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF QUEENS )

Jack Berry, Esq. the undersigned, an attorney admitted to practice in the Courts of the New York State, affirms that he is an associate of Sacco & Fillas LLP attorneys for Plaintiffs in the within action; that deponent has read the foregoing COMPLAINT, and knows its contents thereof, that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, affirmant believes them to be true. Affirmant further states that the reason this verification is made by your affirmant and not by the Plaintiffs is that the Plaintiff is not currently within the County wherein affirmant maintains his office. The grounds of deponent's belief as to all matters not stated upon affirmant's own knowledge are consultation had with Plaintiffs and investigation and data in affirmant's possession. The undersigned affirms that the foregoing statements are true under penalties of perjury.

Dated: Astoria, New York
      March 5, 2025

Respectfully submitted,

By: _____
Jack Berry, Esq.,
Sacco & Fillas LLP